DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United Van Lines LLC, | CASE NO. 5:12 CV 2058 |
| Plaintiff, | |
| v. | <u>MEMORANDUM OPINION AND ORDER</u> |
| Frank Jones, | |
| Defendant. | |

A. <u>Introduction</u>

Defendant Frank Jones (Jones) was served with plaintiff's complaint to recover storage-in-transit charges for the sum of $6,503.68.  These charges were incurred by plaintiff because defendant Jones refused to accept delivery of household goods and two cars, which plaintiff transported to Akron, Ohio under contract with Jones when Jones moved from Los Angeles, California.  Plaintiff stored defendant's property for approximately six months until defendant accepted delivery.  Defendant paid the transportation charges for the property, but refused to pay the storage-in-transit charges.

(5:12 CV 2058)

Defendant was served with plaintiff's complaint, but did not file a responsive pleading and default was entered on December 13, 2012 (ECF 7). Plaintiff subsequently moved for default judgment for the amount of the storage-in-transit charges, $6,503.68.[1] ECF 8. In support of its motion, plaintiff submitted the affidavit of Tammie Woodruff, supervisor of plaintiff's Credit and Collections Department, specifying the unpaid storage-in-transit charges to be $6,503.68. ECF 8-1.

Plaintiff's Motion for Default Judgment reflects that the motion was served upon defendant by regular U.S. mail on December 14, 2012. No response by defendant to plaintiff's Motion for Default Judgment has been filed.

B.   Law and Analysis

After a default has been entered pursuant to Rule 55(a), the party seeking relief from a defaulting party may apply for default judgment pursuant to Rule 55(b). A default on well-pleaded allegations establishes defendant's liability, but plaintiff bears the burden of establishing damages. *Flynn v. People's Choice Home Loans, Inc.,* 440 Fed. Appx. 452, 457 (6th Cir. 2011)(citing *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110 (6th Cir. 1995)).

In order to enter default judgment, the Court must determine the amount of damages. The Court may determine damages either by holding an evidentiary hearing or may determine the amount of damages by affidavit and/or other documentary evidence. *See* Rule 55(b). An evidentiary hearing is not required by Rule 55(b) if the amount of damages can be determined by

---

[1] Plaintiff has also seeks pre-judgment interest, post-judgment interest, and costs of this action. However, no information or affidavit has been provided to the Court to support a judgment on pre-judgment, post-judgment interest, or costs at this time.

(5:12 CV 2058)

computation from the record before the Court. In support of its motion, plaintiff submitted the affidavit of Tammie Woodruff, supervisor of plaintiff's Credit and Collections Department, specifying the unpaid storage-in-transit charges to be $6,503.68. ECF 8-1.

C.  Conclusion

The Court finds that the documentary evidence submitted to the Court in support of plaintiff's motion for default judgment is sufficient to determine a sum certain and it is not necessary for the Court to conduct an evidentiary hearing to ascertain damages. Accordingly, plaintiff's motion for default judgment in the amount of $6,503.68 for storage-in-transit charges is GRANTED

The Clerk is directed to mail a copy of this Memorandum Opinion to defendant at his address of record. The Court will separately publish a Judgment Entry.

IT IS SO ORDERED.

| | |
|---|---|
|  January 23, 2013 |  *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |